## GENERAL MOTORS CORPORATION v. BELLEVUE SAVINGS BANK CO.

(Circuit Court of Appeals, Sixth Circuit. April 11, 1924.)

### No. 3982.

1. **Banks and banking** ⬤➞152—**Certificate of deposit held not due until payment of loan to another.**

   Where plaintiff company made a deposit with defendant bank and took a certificate of deposit, providing that certificate was not to be cashed as long as a loan for amount of the certificate to another company remained unpaid, certificate was collateral to the loan, and was not due until loan was paid.

2. **Appeal and error** ⬤➞883—**Acquiescence, when court interpreted joint motions for directed verdict as submission of facts to court, prevents complaint of such submission.**

   Plaintiff's acquiescence and silence, when the court interpreted joint motions for directed verdict as a submission to the court of the law and the facts, and plaintiff's failure to indicate any desire to offer rebuttal proofs, *held* to prevent plaintiff from complaining of acceptance by the court of such submission at a possibly premature stage of the case.

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by the General Motors Corporation against the Bellevue Savings Bank Company. Judgment for defendant was entered on a directed verdict, and plaintiff brings error. Affirmed.

This action is one by the General Motors Company against the Bellevue Savings Bank Company to recover the sum of $5,000, with interest, evidenced by a certificate of deposit issued by the bank in plaintiff's favor, dated December 6, 1921, and payable to the order of the General Motors Company, on the return of the certificate properly indorsed. The certificate provides that it shall draw interest at the rate of 3 per cent. per annum, if left on deposit for a term of three months or more, and also contains the following provision: "This certificate is not to be cashed so long as the loan of $5,000 heretofore granted the Griswold-Wagg Motor Company by the Bellevue Savings Bank remains unpaid. If said loan is reduced, said bank agrees to issue a new certificate of deposit in an amount equaling the balance due on such loan, and same to be held under same conditions, difference between this certificate of deposit and new certificate to be paid in cash to said the General Motors Company, at the time of such new certificate being issued."

Charles F. Ross and A. V. Cannon, both of Cleveland, Ohio (White, Cannon & Spieth, of Cleveland, Ohio, on the brief), for plaintiff in error.

Allan G. Aigler, of Norwalk, Ohio (Ralph W. Aigler, of Ann Arbor, Mich., on the brief), for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. [1] 1. The indorsement on the certificate of deposit clearly indicates that it was to be held as collateral to the loan. As such it passed with the note evidencing the loan, when that was transferred by the bank. The note and loan are unpaid; under the terms of the indorsement, the certificate of deposit sued upon is not due.

[2] 2. By its acquiescence and silence when the court interpreted the joint motions as a submission of the facts and the law, and by its failure to indicate then or later any desire to offer rebuttal proofs, the plaintiff in error has disabled itself from complaining of the acceptance by the court of such submission at that possibly premature stage of the case.

The judgment is affirmed.